UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY C. HOWSHAR,<br><br>         Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE COMPANY, LLC; and HARRAH'S RESORT SOUTHERN CALIFORNIA,<br><br>         Defendants. | Case No.: 20cv1729 JM (AHG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

  Specially appearing Defendants, the Rincon Band of Luiseno Indians ("the Rincon Band"), and Defendants Caesars Entertainment Corporation and Caesars License Company, LLC, move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(7) for failure to include a necessary and indispensable party. (Doc. No. 3.) The Rincon Band states they were erroneously sued as Harrah's Resort Southern California, which is not a legal entity. The motion is unopposed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1).

## I. BACKGROUND

The Rincon Band is a federally recognized sovereign Indian Tribe that is situated on a permanent Indian Reservation located within the State of California. (Doc. No. 3-1 at 7.) Harrah's Resort Southern California is located on the reservation and is owned, operated, and controlled by the Rincon Band. (*Id.*) On May 26, 2020, Plaintiff filed claims in the Superior Court of California, County of San Diego, for general negligence and premises liability. (Doc. No. 1-2 at 2-6.) Plaintiff alleges that on or about April 25, 2018, Plaintiff was walking on the floor of Harrah's Resort past the slot machines with his leashed dog when another patron's Rottweiler on a thin leash charged and bit Plaintiff on the hand and knocked him to the ground. (*Id.* at 5.) The Rincon Band subsequently removed the case to federal court based on federal question jurisdiction, then moved to dismiss the case. (Doc. No. 3.)

## II. DISCUSSION

In the notice of removal, the specially appearing[1] Rincon Band states that a federal question exists as to whether the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701-21, completely preempts Plaintiff's state law claims. (Doc. No. 1 at 2.) However, district courts have consistently found in highly analogous cases that the IGRA did not present a federal question because, as required by the IGRA's preemption provision, the state law tort claims did not potentially infringe on the Rincon Band's governance of gaming. *See Seely v. Harrah's Rincon Casino*, No. 11 CV 0594 MMA (MDD), 2011 WL 2601019, at *1 (S.D. Cal. June 30, 2011); *Kersten v. Harrah's Casino-Valley Ctr.*, Case

---

[1] "Special appearances to challenge jurisdiction are no longer required in federal courts." *Republic Int'l Corp. v. Amco Eng'rs, Inc.*, 516 F.2d 161, 165 (9th Cir. 1975). "An attorney may make a special appearance for a limited proceeding only with the permission of the court." S.D. Cal. Civ. R. 83.3(g)(4). To the extent that counsel for the Rincon Band are specially appearing for a limited hearing, permission to do so is granted. *See Tavares v. Harrah's Operating Co.*, No. 13-CV-325-H-KSC, 2013 WL 1809888, at *1 n.1 (S.D. Cal. Apr. 29, 2013).

No. 07cv0103 BTM (JMA), 2007 WL 951342, at *2-3 (S.D. Cal. Feb. 27, 2007); *see also Osceola Blackwood Ivory Gaming Grp., LLC v. Picayune Rancheria of Chukchansi Indians*, 272 F. Supp. 3d 1205, 1214 (E.D. Cal. 2017) (listing cases involving other tribes).

In *Seely* and *Kersten*, both of which involved motions to dismiss by the Rincon Band that are nearly identical to the instant motion, the court declined to rule on the motion and instead remanded the case for lack of federal question jurisdiction. *See Seely*, 2011 WL 2601019, at *2-3 (noting that remand orders are not appealable); *Kersten*, 2007 WL 951342, at *3. Here, however, the motion is unopposed. Under Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to timely file an opposition "that failure may constitute a consent to the granting of a motion." In these situations, courts have dismissed the case rather than remand it. *See* Order Granting Motion to Dismiss, *Micheau v. Harrah's Resort*, 3:19-cv-0980-AJB-MDD (Aug. 8, 2019); *Tavares*, 2013 WL 1809888, at *2. Accordingly, the Defendants' Motion to Dismiss (Doc. No. 3) is **GRANTED,** irrespective of the Defendants' substantive arguments in the motion, because the Plaintiff's failure to oppose the motion is deemed to be consent to granting the motion. The case is **DISMISSED** without prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: November 24, 2020

JEFFREY T. MILLER
United States District Judge